IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOE S. MCCLENTON, #240 601, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-74-WHA |
| | ) | [WO] |
| RCC JACKSON HOSPITAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama, files this 42 U.S.C. § 1983 complaint for damages against Jackson Hospital and Dr. Vermillian. Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to provide adequate medical care for his hernia. Upon review, the court concludes that dismissal prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

In 2012 Dr. Vermillian performed hernia surgery on Plaintiff. Plaintiff alleges that the surgery resulted in his confinement to a wheelchair for the rest of his life and caused him to experience constant pain. *Doc. No. 1*. Plaintiff's attempt to challenge the hernia surgery performed on him in 2012 is filed outside the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct.

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

>   1938, 1946-47, 85 L.Ed.2d 254 (1985).  [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years.  Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*).  Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The matters about which Plaintiff complains occurred at an unspecified time in 2012.  By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Plaintiff from application of the time bar.[2]  Thus, the statute of limitations began to run on the claims arising from the challenged provision of medical care in 2012.  The limitation period ran uninterrupted until it expired, at the latest, on December 31, 2014. Plaintiff filed the instant complaint on January 26, 2016.[3]  This filing occurred over two years after expiration of the limitation period.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[A] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants

---

[2] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a).  The complaint demonstrates that Plaintiff was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

[3] Although the Clerk stamped the present complaint "filed" on February 4, 2015, Plaintiff signed his complaint on January 26, 2016. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  In light of the foregoing and for purposes of the proceedings herein, the court considers January 26, 2016, as the date of filing.

2

dismissal as frivolous.  *See Franklin [v. State of Oregon]*, 563 F. Supp. [1310,]   1330, 1332 [(D.C. Oregon 1983)]." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve).  "We must take advantage of every tool in our judicial workshop."  Spears [v. McCotter], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed regarding the challenge to his hernia surgery performed in 2012 as he filed this cause of action over two years after the challenged action occurred.  As previously noted, the statutory tolling provision is unavailing.  Consequently, the two-year period of limitations applicable to Plaintiff's claim expired over two years prior to him filing the instant complaint, and this claim is, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(A)(b)(1).  *See Clark*, 915 F.2d 636.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against the named defendants challenging events which occurred in 2012 be DISMISSED with prejudice under the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as

Plaintiff failed to file the complaint regarding these allegations within the time prescribed by the applicable period of limitation;

2. This case be DISMISSED prior to service of process.

It is further

ORDERED that **on or before February 22, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 8th day of February 2016.

/s/     Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE